UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TETSUO OSAKI,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>THE SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　　　　Defendants. | Case No. 5:22-cv-01589-FMO-SHK<br><br>**ORDER DISMISSING COMPLAINT** |

## I.　　BACKGROUND

On September 6, 2022, plaintiff Richard Tetsuo Osaki ("Plaintiff"), an inmate proceeding pro se and in forma pauperis ("IFP"), constructively filed[1] a Complaint ("Complaint" or "Compl.") alleging civil rights violations pursuant to 42 U.S.C. § 1983 against defendants San Bernardino County Sheriff Department, West Valley Detention Center, and various individual defendants (collectively, "Defendants"). Electronic Case Filing Number ("ECF No.") 1, Compl.

On June 26, 2023, the Court dismissed the Complaint with leave to amend ("ODLA") and the Clerk of Court mailed the ODLA to Plaintiff at Plaintiff's

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

address of record.  ECF No. 11, ODLA.  On July 10, 2023, the United States Postal Service ("USPS") returned the ODLA as "Return to Sender Not in Custody" ("Returned Mail").  ECF No. 12, Returned Mail.

On July 26, 2023, the Court ordered Plaintiff to show cause ("OSC") by August 3, 2023, why the case should not be dismissed for failure to timely update the Court with his current address in violation of Local Rule of Civil Procedure for the United States District Court for the Central District of California ("Local Rule" or "L.R.") 41-6.  ECF No. 13, OSC.

Specifically, the Court observed that Plaintiff "currently has at least two other matters pending before this Court" and that Plaintiff, whose address of record is the same in all three cases pending before the Court, has had mail returned in Plaintiff's other cases pending before the Court "with notations on the return envelopes indicating that Plaintiff is no longer in custody at his address of record in the West Valley Detention Center ('WVDC')." Id. at 1 (citing Case Nos. 5:23-CV-00121-FMO-SHK; 5:21-cv-00567-FMO-SHK).  Consequently, the Court concluded that "it appears that Plaintiff has moved and has not updated the Court with his current address in violation of Local Rule . . . 41-6." Id.  The Court also noted that it "conducted an independent search of the San Bernardino County Sheriff's Department ('SBCSD') inmate locator website, which indicate[d] that Plaintiff's 'Booking [number is] Not Found or Inmate may not be in custody[,]'" which further indicated that Plaintiff was no longer at his current address of record. Id. (quoting https://wp.sbcounty.gov/sheriff/corrections/inmate-locator/ (last accessed July 13, 2023)).

As such, the Court ordered Plaintiff to "notify[] the Court, in writing, of his current address by the date listed above[,]" and warned Plaintiff that "**failure to timely update the Court with his current address will result in a recommendation that this case be dismissed, with or without prejudice, for**

2

**failure to prosecute and follow Court orders and for violating the Local Rules.**" Id. at 2 (emphasis in original).

As of the date of this order, Plaintiff has not updated the Court with his current mailing address as ordered or otherwise participated in this litigation.

## II. LEGAL STANDARDS

### A. Duty to Update Address

Local Rule 41-6 requires a pro se party to keep the Court and opposing parties apprised of the party's current address, telephone number, and e-mail address, if any. L.R. 41-6. If mail directed by the Clerk of Court to a pro se plaintiff's address of record is returned undelivered by the USPS "and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute." Id.

### B. Dismissal for Failure to Prosecute and Follow Orders

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure ("Rule") 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming district court's dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza,

291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

## II.  DISCUSSION

Here, the case is subject to dismissal for the following two reasons. First, based on the Returned Mail and the Court's independent check of the SBCSD inmate locator website, of which the Court takes judicial notice, it appears that Plaintiff is no longer incarcerated at his address of record and that Plaintiff has failed to provide his current address to the Court in violation of Local Rule 41-6. See United States v. Basher, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons inmate locator that is available to the public); see also Pacheco v. Diaz, Case No. 1:19-cv-00774-SAB (PC), 2019 WL 5073594, at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of California Department of Corrections and Rehabilitation's inmate locator system); McCoy v. Le, No. 3:21-CV-1755-BAS-LL, 2021 WL 5449004, at *1 n.2 (S.D. Cal. Nov. 22, 2021) (same); Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (finding that under Federal Rule of Evidence 201, the Court may take judicial notice of, in relevant part, state agency records).

Consequently, the Court is unable to move this case toward disposition without Plaintiff's current contact information, as evidenced by Plaintiff's lack of participation in this matter. Accordingly, because Plaintiff's address of record appears to have been invalid for longer than the fourteen-day grace period contemplated in Local Rule 41-6, and because the Court's inability to reach

Plaintiff is hindering the Court's ability to resolve this case, the Court DISMISSES this case, without prejudice, pursuant to Local Rule 41-6, for the first reason that Plaintiff has failed to keep the Court apprised of his current address.

Second, and relatedly, this case is subject to dismissal for Plaintiff's failure to prosecute and follow Court orders. Specifically, the first two Henderson factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite ordering Plaintiff to update the Court with his current mailing address, Plaintiff has failed to do so or to indicate to the Court in any way that he intends to continue pursuing this action. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Here, Plaintiff has not offered any excuse for his failure to comply with the Court's OSC and respond in a timely manner and this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation.  Despite the Court's attempt to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to provide his current address to the Court or otherwise cooperate in prosecuting this action.  The Court is not aware of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has defied Court orders and failed to comply with the Local Rules, the Court DISMISSES this case, without prejudice, for this second reason.

### III.   ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Judgment be entered **DISMISSING** this case without prejudice.

DATED:  August 8, 2023

/s/
HONORABLE FERNANDO M. OLGUIN
United States District Judge

Presented by:

*[signature]*

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge